UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

RALPH TANCREDI, EDWARD ARCE,
WILLIAM C. DUFFELMEYER, ARTHUR
MARINELLI, STEVEN HEISLER, JEFF       07 Civ.    (    )
NARDI, STEPHEN CARPINIELLO, PETER
DeVITTORIO, MICHAEL MARINELLI, and,
MICHAEL WALTHER,                      **07 CIV. 9617**

                      Plaintiffs,

    -against-

STEPHEN MALFITANO, individually,      **CLASS ACTION**
JOSEPH CANNELLA, individually,        **COMPLAINT**
THOMAS SCAPPATICCI, individually,
DOMINICK PASCALE, individually,
DAVID HALL, individually, and the
TOWN/VILLAGE OF HARRISON, New         **Jury Trial Demanded**
York,

                      Defendants.

----------------------------------------------------------------x

      Plaintiffs RALPH TANCREDI, EDWARD ARCE, WILLIAM C.

DUFFELMEYER, ARTHUR MARINELLI, STEVEN HEISLER, JEFF

NARDI, STEPHEN CARPINIELLO, PETER DeVITTORIO, MICHAEL MARINELLI

and MICHAEL WALTHER, by their attorneys Lovett & Gould, LLP, for their complaint

respectfully state:

### NATURE OF THE PROCEEDING

    1. This is an action for compensatory and punitive damages, proximately the

result of conduct jointly engaged in by the Defendants while acting under color of the

laws of the State of New York, for violations of Plaintiffs' rights and the rights of the

members of the class they seek to represent as guaranteed by the Fourth Amendment to

the United States Constitution, 42 U.S.C. §1983, and the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §2520.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiffs Ralph Tancredi, Edward Arce, William C. Duffelmeyer, Arthur Marinelli, Steven Heisler, Jeff Nardi, Stephen Carpiniello, Peter DeVittorio, Michael Marinelli, and Michael Walther are citizens of the United States, domiciliaries of the State of New York, and residents of the Northern Counties. Each of the Plaintiffs is employed by the Defendant Town/Village as a sworn member of that municipal corporation's police department (hereinafter "Department").

4. Defendants Stephen Malfitano (hereinafter "Malfitano"), Joseph Cannella (hereinafter "Cannella") and Thomas Scappaticci (hereinafter "Scappaticci"), each of whom is sued in his individual and personal capacities only, at all times relevant to this complaint were duly elected members of the governing body of the Defendant Town/Village (hereinafter the "Board") and by reason of their being members of the Board they also serve as members of the Town/Village's Board of Police Commissioners (hereinafter "Commissioners"). In their capacity as Commissioners they are vested under New York State Law [Unconsolidated Laws §5711-q (governing the administration of police departments in villages within the County of Westchester) and Chapter 812 of the Laws of 1936 (the so-called "Westchester Police Act", governing the administration of

police departments in Towns within the County of Westchester)] with plenary administrative oversight and control of the Department. Although the Board of Police Commissioners is comprised of all five members of the Board, the two additional members have not engaged in the conduct set forth *infra* and in fact sought to take remedial action with respect to that conduct - - only to be blocked by Malfitano, Cannella and Scappaticci.

5. Defendant Dominick Pascale (hereinafter "Pascale"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Defendant Town/Village as a Sergeant in the Department. As such and at Hall's direction Pascale is in charge of the Department's so-called "911" emergency communications system and all recording devices used/deployed within the Department's headquarters.

6. Defendant David Hall (hereinafter "Hall"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Chief of Police of the Defendant Town/Village. As such he has plenary, final decision-making authority with respect to the administration of the Department - - subject only to oversight and direction by the Commissioners.

7. Defendant Town/Village of Harrison, New York (hereinafter "Town"), is a municipal corporation comprised of a co-terminus town and village duly existing pursuant to and in accordance with the laws of the State of New York.

## CLASS ALLEGATIONS

8. Plaintiffs bring this action on their own behalves and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who, without their knowledge or permission, have been the subject of unlawful eavesdropping at or about the area of the front "desk" inside Department headquarters.

9. Class action status for this litigation is proper by reason of the circumstance that the class of persons described in the preceding paragraph "8", estimated to be in the thousands, contains too many individuals to bring before this Court in any other fashion and because there are common questions of law and fact affecting all members of the class. In that connection common relief is sought.

10. The proposed class may be certified under FRCP 23(b)(2) because the Defendants have acted in a manner specifically applicable to the class as a whole, making final relief appropriate with respect to the class as a whole.

11. The class is adequately represented by the named Plaintiffs.

## AS AND FOR A CLAIM

12. Substantially prior to October 19, 2007 (the date on which Hall admitted to the unlawful conduct set forth *infra* in this paragraph and paragraph "13"), without the knowledge, permission, and/or consent of the Plaintiffs or any of them, Defendants Pascale and Hall surreptitiously altered the Department's 911 communications system so as to automatically audio record the voices and/or private conversations of any person at,

in front of, and/or behind the front desk area in police headquarters regardless of whether there was an emergency 911 telephone call in progress. The alteration of that system so as to intercept and record those communications had nothing whatsoever to do with the conduct of Pascale and/or Hall's lawful authorized duties as members of a law enforcement agency.

13. By means of the altered communications system Hall ,and amongst others Pascale, routinely both recorded and then listened to the private conversations and/or communications of Plaintiffs and others for unlawful objectives.

14. Defendants Malfitano, Cannella and Scappaticci have, over the past approximately two years been repeatedly advised by certain of the Plaintiffs and others that Hall and other high ranking, sworn members of the Department have systemically engaged in on-going criminal wrongdoing including:

> i) unlawfully recording private communications uttered in the locker room of the Department by means of an illegal audio recording device installed there by Hall - - a felony under both State and Federal Law;
>
> ii) unlawfully videotaping members of the Department while in various states of undress in the locker room by means of an illegal video recording device installed there by Hall - - a felony under the New York State Penal Law; and *inter alia,*
>
> iii) Hall's felonious forgery of a $2,500 check, originally made payable to the Town's Police Benevolent Association by a local country club, by reason of which forgery Hall caused that sum of money to be unlawfully deposited to the account of a different law enforcement

association with respect to which Hall was then the chief executive officer.

15. Despite their actual knowledge of systemic criminal wrongdoing within the Department Malfitano, Cannella and Scappaticci have (to the actual knowledge of Hall, Pascale, and other administrators within the Department) repeatedly refused to take remedial action to prosecute and/or remove Hall and the other ranking officers known to be engaging in crimes in their capacities as sworn members of a law enforcement agency.

16. By reason of Malfitano, Cannella and Scappaticci's refusal to intercede, curb, stop, prosecute and/or otherwise take remedial action regarding those crimes, they have knowingly encouraged, authorized, ratified and otherwise adopted as municipal corporate police/practice the commission of those crimes including but not limited to the unlawful recording of private communications in front of, at and/or behind the desk area in police headquarters.

17. As a proximate result of Defendants' conduct, Plaintiffs have been caused to suffer: irreparable violations of their rights as guaranteed by the Fourth Amendment; irreparable violations of their rights as guaranteed by the Omnibus Crime Control and Safe Streets Act; emotional upset; anxiety; public embarrassment; public humiliation; and have otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

18. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "17", inclusive.

19. Under the premises Defendants' conduct violated Plaintiff's rights, and the rights of the members of the class they seek to represent, as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

20. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "17", inclusive.

21. Under the premises Defendants' conduct violated Plaintiffs' rights, and the rights of the members of the class they seek to represent, as guaranteed by the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §2520.

WHEREFORE a judgment is respectfully demanded:

　　a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

　　b. Awarding against all Defendants such compensatory damages as the jury may determine,

　　c. Permanently enjoining Defendants' unlawful eavesdropping as realized by means of the altered 911 communications system,

    d. Awarding reasonable attorney's fees and costs, and,

    e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       October 29, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401