UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RALPH TANCREDI, EDWARD ARCE,
WILLIAM C. DUFFELMEYER, ARTHUR
MARINELLI, STEVEN HEISLER, JEFF         07 Civ. 9617 (WCC)
NARDI, STEPHEN CARPINIELLO, PETER
DeVITTORIO, MICHAEL MARINELLI, and,
MICHAEL WALTHER,
                             Plaintiffs,

     -against-

STEPHEN MALFITANO, individually,        **AFFIDAVIT IN**
JOSEPH CANNELLA, individually,          **OPPOSITION TO**
THOMAS SCAPPATICCI, individually,       **MOTION TO DISMISS**
DOMINICK PASCALE, individually,
DAVID HALL, individually, and the
TOWN/VILLAGE OF HARRISON, New           **Jury Trial Demanded**
York,
                             Defendants.

------------------------------------------------------------x

MICHAEL WALTHER, being duly sworn, deposes and says:

1. I have read the motion papers in connection with Defendants' application to dismiss the complaint herein and am responding to certain of the material factual arguments made by them on the basis of my personal knowledge.

2. Having reviewed the Pascale affidavit, that document is materially false in the following respects:

   a. Contrary to the statement in paragraph "3" of the affidavit, the problem was corrected days subsequent to Pascale's notification with respect to it.

   b. Contrary to the assertions in paragraph "11" of the affidavit, Pascale's

claim that there is no expectation of privacy at the desk area are false for the reasons ascribed in the accompanying affidavit of Arthur Marinelli which affidavit I have today read.

      c. With respect to the recitals in paragraph "14" of the affidavit, to the extent that they are characterized in the Marinelli affidavit as false, I concur.

      d. With respect to the recitals in paragraph "15(iv)" regarding the orange light, I concur with the statements made in the Marinelli affidavit.

      e. With respect to paragraph "23" of the affidavit and the claim that I advised Pascual that I was satisfied with his and/or "our" findings is absolutely false. I never indicated to him either in words or substance that I was satisfied and/or content with any findings regarding the surreptitious recording at the desk. In fact having discussed the matter with Pascual I left the desk area having already made up my mind to ask our PBA attorneys to write to the Chief of Police regarding the desk recording problem. The PBA attorneys' correspondence as requested by me is annexed as Exhibit 12 to the Pascale affidavit. In sum it had to have been clear to Pascale that I was not satisfied at all with respect to his findings. To the extent Pascale claims that he "would have disconnected the Dynametric" when he and I were discussing the surreptitious recordings, that profession of supposed intent is materially inconsistent with his advice to me at the time. In sum and substance Pascale advised: "If you know that you are being recorded [at the desk], don't say anything that you don't want us to hear".

WHEREFORE the motion should in all respects be denied.

                                                                    Michael Walther

Sworn to before me this
12 ~~11th~~ day of March, 2008.

_____
Notary Public

ANN B. FRANK
Notary Public, State of New York
No. 01FR5022348
Qualified in Westchester County
Commission Expires January 10, 20_10_