UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RALPH TANCREDI, EDWARD ARCE,
WILLIAM C. DUFFELMEYER, ARTHUR
MARINELLI, STEVEN HEISLER, JEFF
NARDI, STEPHEN CARPINIELLO, PETER
DeVITTORIO, MICHAEL MARINELLI and
MICHAEL WALTHER,                                                           Civil Action No. 07-9617 (WCC)

                            Plaintiffs,

                 - against -

STEPHEN MALFITANO, individually,
JOSEPH CANNELLA, individually,
THOMAS SCAPPATICCI, individually,
DOMINICK PASCALE, individually,
DAVID HALL, individually, and the
TOWN/VILLAGE OF HARRISON, New York,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE COMPLAINT AND/OR FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    POINT I ............................................................................................................................. 2

        Plaintiffs' Lack Of Any Reasonable Expectation Of Privacy Defeats
        Their Fourth Amendment And ECPA Claims ..................................................... 2

    POINT II ............................................................................................................................ 5

        The Claims Against Individual Defendants Malfitano, Cannella, And
        Scappaticci Must Be Dismissed ........................................................................... 5

    POINT III .......................................................................................................................... 8

        The Plaintiffs Lack Standing ................................................................................ 8

    POINT IV ......................................................................................................................... 9

        The Claims Against Defendants Hall And Pascale Should Be Dismissed ............ 9

CONCLUSION ............................................................................................................................ 10

**PRELIMINARY STATEMENT**

The Town/Village of Harrison ("Town") and individual defendants Stephen Malfitano, Joseph Cannella, Thomas Scappaticci, Dominick Pascale, and David Hall submit this reply Memorandum of Law in Support of their Motion to Dismiss and/or for Summary Judgment.

Plaintiff's opposition papers to Defendants' motion do little to support Plaintiffs' case. Indeed, assuming, *arguendo*, that Plaintiffs' implausible version of events are deemed true, there is no getting around the fact that the recordings were made at the front desk of police headquarters where, *as a matter of law*, no individual could seriously claim a reasonable expectation of privacy. Moreover, Plaintiffs provide no evidence whatsoever that the recordings were anything more than a mere malfunction of the Dynametrix device. While Plaintiffs dispute a conversation between Sergeant Pascale and Police Officer Walther, that does not change the fact that Plaintiffs had no reasonable expectation privacy in a front desk area that is open to anyone who works in or visits the Police Department, 24 hours a day, 7 days a week.

Perhaps most telling is Plaintiffs' attempt to hold only the three Republican Board members responsible for the malfunction. Plaintiffs have submitted no affidavits or other documents to support such personal liability. Rather, they brazenly assert that because these three Board members (as opposed to others) were aware that the Chief was previously alleged to have been involved in what they erroneously claim as an unlawful videotaping in a locker room, they must now be held responsible for these recordings.[1] Plaintiffs also fail to provide a shred of evidence that Chief Hall, who has long been a target of Plaintiffs' false and venomous assertions, had anything whatsoever to do with the malfunction or recordings at the front desk area. These reckless assertions are bizarre even for Plaintiffs and their counsel who have a demonstrated

---

[1] The "unlawful videotaping" is discussed at length in the affidavits of Anthony Marraccini, David Hall, Dominick Pascale, and Andrew Natarelli filed in *DeVittorio et al.. v. Hall et al.*, 07 Civ. 0812 (WCC) and *Carpinello et al. v. Hall et al.*, 07 Civ. 1956 (WCC) (Docket Entry 20) currently pending before this Court. Those affidavits demonstrate that there was no unlawful taping of anyone by the Defendants.

59712.2 3/27/2008

history of making brazen and specious claims. Their willingness to say anything no matter how ridiculous or false should not be tolerated by the Court. Accordingly, Plaintiffs and there counsel should be sanctioned for their malicious and frivolous conduct.[2]

## ARGUMENT

## POINT I

## PLAINTIFFS' LACK OF ANY REASONABLE EXPECTATION OF PRIVACY DEFEATS THEIR FOURTH AMENDMENT AND ECPA CLAIMS

Plaintiffs assert that they have an expectation of privacy in the front desk area of the Town/Village of Harrison Police Department Headquarters. They cite but one case for this proposition — a case out of the Northern District of Oklahoma — that not only fails to support their assertions but rather supports the Defendants' position. Plaintiffs ignore the overwhelming authority cited in Defendants Memorandum of Law (pp. 12-19) that clearly holds that as a matter of law there can be no expectation of privacy at the front desk of the police station, and, as such, any claims under the Fourth Amendment and ECPA must be dismissed.

The fact that Officer Arthur Marinelli states that he believed he had an expectation of privacy in the front desk (Marinelli Aff. ¶ 6(b)) is hardly dispositive:

> *The expectation [of privacy] has both subjective and objective components.* In this regard, the Supreme Court has developed a two-part standing test useful to determine whether a particular defendant's personal expectations are indeed reasonable within the meaning of the Fourth Amendment. Under this test, a defendant must demonstrate 1) that he or she sought to preserve the location or item as private, *and 2) that his or her expectation is one that society is prepared to accept as reasonable.*

---

[2] Plaintiffs claim that Defendants have not filed a Statement pursuant to Rule 56.1 of the Federal Rules of Civil Procedure. *See* Plaintiffs Mem. at p. 1. Rule 12(b)(6) of the Federal Rules, however, provides that when a motion is made and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56," giving all parties a reasonable opportunity to present pertinent material under that Rule. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991). If the Court were to convert the motion, Defendants would certainly provide the Court with a Statement pursuant to Rule 56.1. Nonetheless, Defendants maintain that *as a matter of law* there is no reasonable expectation of privacy at the front desk of the police station and therefore that their motion to dismiss should be granted in its entirety.

*U.S. v. Granderson*, 182 F. Supp. 2d 315, 321 (W.D.N.Y. 2001) (emphasis added) *citing Smith v. Maryland*, 442 U.S. 735 , 740 (1979); *accord Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 654 (1995) ("The Fourth Amendment does not protect all subjective expectations of privacy, but only those that society recognizes as 'legitimate'"); *U.S. v. Taylor*, 1992 WL 249969, *7 (S.D.N.Y. 1992) ("This expectation of privacy ... has both a subjective and an objective component. '[T]he person challenging the search must demonstrate a subjective desire to keep his or effects private; and ... the individual's subjective expectation must be one that society accepts as reasonable.'") *quoting United States v. Paulino*, 850 F.2d 93, 97 (2d Cir. 1988).

  Here, despite Officer Arthur Marinelli's claim as to his subjective belief, there is no objectively reasonable expectation of privacy in the front desk of the police station. The police station is open to anyone who wished to come in regardless of the time. Indeed, the police station is never "closed", and at any given point, personnel (including officers and civilian employees) could be walking through or passing by the area, as could other individuals including citizens, prisoners custodians, and other Town employees. The fact that Officer Marinelli may have been unaware of these individuals or does not care that they may be present does not create a reasonable expectation of privacy. Indeed, even Marinelli admits that there are "other persons working the desk." (Marinelli Aff. ¶ 6(b)). Similarly, the fact that there are less people in the building at night does not somehow convert this public area to private. The fact remains that anyone can and does walk through and past the front desk area at any time, and in doing so can easily listen to any conversation being had there. Indeed, courts have held that, as a matter of law, there is no reasonable expectation of privacy in a police station. *See Kirby v. Senkowski*, 141 F. Supp. 2d 383, 388-389 (S.D.N.Y. 2001) (denying writ of habeas corpus noting that state court had found there was "no expectation of privacy when [individual] made the statements at the police station [because] any such expectation would have been unreasonable, given the fact that [he] was in a room in which police personnel constantly passed through"); *Siripongs v.*

*Calderon*, 35 F.3d 1308, 1320 (9th Cir. 1994) ("there is no reason for presuming an expectation of privacy for statements made in the middle of police stations").

Moreover, "courts have recognized that there is a diminished expectation of privacy in the workplace." *Medical Lab. Management v. Amer. Broad.*, 30 F. Supp. 2d 1182, 1188 (D. Ariz. 1998). The New York Court of Appeals has in fact held that "all public employees, especially police officers, have a diminished expectation of privacy in the workplace." *Matter of Caruso v. Ward*, 72 N.Y.2d 432, 439 (1988). This is all the more true in light of the facts that the area at issue in this case is the front desk of the police department and that an orange light was clearly illuminated and visible for the duration of all of the alleged recordings. *See, e.g., People v. Holland*, 155 Misc.2d 964, 591 N.Y.S.2d 744 (1992) ("just as it is clear that an individual employee has an expectation of privacy in a locked, private office, it is equally obvious that an employee who has his desk positioned in the middle of an area open to the public cannot reasonably expect privacy from the eye of a stranger who is lawfully on the premises"); *United States v. Little*, 753 F.2d 1420, 1436 (9th Cir. 1984) (no reasonable expectation of privacy in reception area).

Finally, in *Williams v. City of Tulsa, Oklahoma*, the only case cited by Plaintiffs in support of their privacy claims, the court specifically noted that "[c]ourts distinguish cases of an employer's expectation of privacy in his own office from an employee's expectation of privacy in other areas of the work place." 393 F. Supp. 2d 1124, 1129 (N.D. Okla. 2005). Although the *Williams* court noted that a situation where an employee enters an empty room and pulls the shades down to avoid any observance of what he does therein may present a more difficult question, the court went on to say that "[w]hether an employee has an objectively reasonable expectation of privacy is an easier question where an area is not enclosed, where activities can be easily observed, and where other personnel have easy access to the area." *Id.* The front desk at police headquarters is precisely this kind of open area. It not only has a large opening in the front

which cannot be covered or closed, but anyone in the public reception may observe and listen to the conversations had therein. Moreover, any employee of the department can enter the areas and there is simply no way for any person to exclude another from the area. Thus, rather than support Plaintiffs' position, the court's decision in *Williams* supports the basic view that open areas such as the front desk offer of the police station no reasonable expectation of privacy to its occupants. *Id.* at 1134 ("[B]ecause the maintenance shop is an open area in which other employees frequently traverse, and activity is generally within view, there can be no claim of a violation of the Fourth Amendment. ... Any recording that could have taken place, in the absence of a sufficient privacy expectation, could not be conduct sufficient to create ... and invasion of privacy claim").

In light of the fact that there could be no expectation of privacy at the front desk area of Department headquarters, all of Plaintiffs' claims must be dismissed.

## POINT II

### THE CLAIMS AGAINST INDIVIDUAL DEFENDANTS MALFITANO, CANNELLA, AND SCAPPATICCI MUST BE DISMISSED

Plaintiffs claim that because these three individuals knew about a video camera that had been installed in the locker room in 2005 and did not discipline Chief Hall in connection with the camera, they must now be held responsible in this action for entirely different and distinct conduct (*i.e.*, tape recording conversations had in the front desk area of police headquarters). Plaintiffs' argument, however, completely ignores the fact that the locker room and front desk incidents are not related and involve entirely different circumstances. Leaving aside the issue that there was no unlawful conduct with regard to the camera in the locker room and that Plaintiffs' are trying to bootstrap unproven (and false) allegations of one lawsuit to help themselves in another, simply put, one incident has absolutely nothing to do with the other.

"The Supreme Court consistently has refused to impose § 1983 liability upon defendants where the causal connection between their conduct and the constitutional injury is remote rather than direct." *Taylor v. Brentwood Union Free School District*, 143 F.3d 679, 686 (2d Cir. 1998), *citing Martinez v. California*, 444 U.S. 277, 285 (1980). "Naturally, the plaintiff must also show that it was the *defendant* who subjected him to this deprivation of his rights or caused him to be subjected to the deprivation." *Halstead v. Motorcycle Safety Foundation Inc.*, 71 F. Supp. 2d 464, 473-74 (E.D. Pa. 1999) (emphasis in original) *citing Martinez v. California*, 444 U.S. 277 (1980); *accord Brown v. Sheridan*, 894 F. Supp. 66, 71 (N.D.N.Y. 1995) (to prevail a on a § 1983 claim, "plaintiff must show … that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff"). Defendants Malfitano, Cannella and Scappaticci actions or lack thereof towards Chief Hall or any others in the Department with regard to the camera incident simply had no bearing on the alleged recording at the front desk.

Plaintiffs cite two cases in purported support their claims – *Richardson v. Goord*, 347 F.3d 431 (2d Cir. 2003) and *Hernandez v. Keane*, 341 F.3d 137 (2d Cir. 2003) – however, neither actually supports Plaintiffs' position. For example, in *Richardson*, the court stated:

> Supervisor liability under § 1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

347 F.3d at 435. Similarly, in *Hernandez*, the court restated that set forth above and held that there was no "evidence that [the supervisor defendant] had notice of, instituted, or became aware of any unconstitutional policy, practice or act, or that he was grossly negligent in supervising his subordinates." 341 F.3d at 145

Here, the complaint alleges no direct participation in the alleged taping at the front desk by either Malfitano, Cannella, and Scappaticci and their non-involvement is confirmed by their unrefuted affidavits. They were unaware of the problem until they were served with the lawsuit! (*See* Malfitano Aff. ¶¶ 2-3; Cannella Aff. ¶¶ 2-3; and Scappaticci ¶¶ 2-3). There is no allegation, nor could there be, that there was some kind of official policy sanctioning Hall's alleged conduct regarding the front desk as the complaint itself states that the authorized communications system was "*surreptitiously altered*" by him and Pascale. (Complaint ¶ 12 (emphasis added)). Moreover, in light of the fact that Malfitano, Cannella, and Scappaticci did not know of the problem with the Dynamatix device or even that there was any taping going on, it is ludicrous for Plaintiffs to assert that they should now be held personally responsible for the alleged constitutional violation.

Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of his/her federally protected rights. However, "[b]ecause Section 1983 imposes liability only upon those who actually cause a deprivation of rights, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 1983. For this reason, the doctrine of respondeat superior cannot be used to establish liability under Section 1983." *Blyden v Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) *quoting Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *accord Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) ("Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under § 1983").

Under Plaintiffs' rationale, a public official could be held responsible anytime an employee is accused – with or without basis – to have done something wrong. Putting aside the unsubstantiated nature of mere allegations, Plaintiffs are in effect attempting to create a

respondeat superior standard for municipal liability — something that has long been rejected by the U.S. Supreme Court and courts throughout this Circuit. *See, e.g., Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory"); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) ("Supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior."); *Johnson v. Maldonaldo*, 2007 WL 542024, *3 (W.D.N.Y. 2007) ("The simple fact that an individual maintains a high position in the chain of command, however, is not enough to demonstrate personal liability."); *Prince v. Edwards*, 2000 WL 633382, *6 (S.D.N.Y. 2000) ("Liability may not be premised on the respondeat superior or vicarious liability doctrines, ... nor may a defendant be liable merely by his connection to the events through links in the chain of command." (internal quotations and citation omitted)).

Similarly, the claims under Omnibus Crime Control and Safe Streets Act must be dismissed against Defendants Malfitano, Cannella, and Scappaticci as there is no allegation that they intentionally intercepted or listened to any communication. The statute requires that the "interception must have been the result of a defendant's conscious objective rather than the product of a mistake or an accident." *United States v. Townsend*, 987 F.2d 927, 930 (2d Cir. 1993).

In sum, the claims of personal liability against Malfitano, Cannella and Scappaticci must be dismissed.

## POINT III

## THE PLAINTIFFS LACK STANDING

Plaintiff Arthur Marinelli claims to have heard a conversation of his that was recorded. He also asserts that he "believes" that he heard the voice of Michael Walther. Curiously Walther has submitted an affidavit but makes no mention of this alleged conversation. None of the other

Plaintiffs have even pointed to a conversation that was recorded, and as such none of their claims can go forward. *See, e.g., PBA Local No. 28 v. Woodbridge Police Dep't*, 134 F.R.D. 96, 100-01 (D.N.J. 1991) ("[a]t a minimum, a named plaintiff must demonstrate the actual interception of at least one of his or her conversations before there can be a justiciable controversy within the meaning of Article III [of the Wiretap Act.] Where there has been no interception, there can have been no injury."); *Gross v. Taylor*, 1997 WL 535872, *5 (E.D. Pa. 1997) ("Plaintiffs have not presented any evidence to demonstrate ... whether an interception actually took place."). Interestingly, the *Williams v. City of Tulsa, Oklahoma* case cited by Plaintiffs in purported support of their privacy argument, underscores this point. 393 F. Supp. 2d 1124, 1137 (N.D. Okla. 2005) ("[E]ven if Williams['] testimony could establish the existence of [surveillance] devices, *Williams could not show surveillance of him*, and therefore cold not make out a claim under the Electronic Communications Act.").

In short, with the exception of Officer Arthur Marinelli, because all Plaintiffs lack standing to bring the claims asserted in the complaint, their claims must be dismissed.

## POINT IV

### THE CLAIMS AGAINST DEFENDANTS HALL AND PASCALE SHOULD BE DISMISSED

Chief Hall has submitted an affidavit that he had absolutely nothing to do with the installation of the communications system and was largely unfamiliar with it. Sergeant Dominick Pascale has testified that he never altered the system in anyway to make it record at the front desk. These statements are unrefuted and Plaintiffs have not offered a scintilla of evidence that the recordings were anything but what they actually were – a mere malfunction of the Dynamatrix device. Accordingly, Chief Hall and Sergeant Pascale should be dismissed from this matter.

Moreover, the fact that neither Hall nor Pascale listened to the conversations also warrants dismissal of the claims against them. *See Arias v. Mut. Cent. Alarm Serv., Inc.*, 202 F.3d 553, 558 (2d Cir. 2000) (telephone calls automatically recorded but not listened to are not "aurally acquired" and therefore are not "interceptions" under the Wiretap Act); *Walden v. City of Providence* (D. R.I. 2007) ("there is anecdotal support for Defendants' position that telephone calls automatically recorded, but not listened to, are not 'aurally acquired' within the meaning of § 2510") *citing Arias*, 202 F.3d at 558 *and Greenfield v. Kootenai County*, 752 F.2d 1387, 1389 (9th Cir. 1985).

## CONCLUSION

For all of the foregoing reasons, the Court should grant Defendants' motion to dismiss and/or summary judgment and dismiss the Complaint in its entirety. In addition, Defendants should be awarded costs and fees as a result of Plaintiffs' frivolous claims against the Town and individual Defendants.

Dated: March 27, 2008
    Garden City, New York

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:    s/Mark N. Reinharz
    Mark N. Reinharz (6201)
    Attorneys for Defendants
    1399 Franklin Avenue, Suite 200
    Garden City, New York 11530
    (516) 267-6320
    mreinharz@bsk.com

Of Counsel:
    Jessica C. Satriano

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic service upon the following parties and participants:

Jonathan Lovett, Esq.
222 Bloomingdale Road
White Plains, New York 10605
Attorney for Plaintiff

                                             s/ Mark N. Reinharz
                                             Mark N. Reinharz (6201)
                                             Attorneys for Defendants
                                             1399 Franklin Avenue, Suite 200
                                             Garden City, New York 11530
                                             (516) 267-6320
                                             mreinharz@bsk.com