

# BOND, SCHOENECK & KING, PLLC
ATTORNEYS AT LAW ■ NEW YORK  FLORIDA  KANSAS

MARK N. REINHARZ
Direct: 516-267-6320
mreinharz@bsk.com

July 8, 2008

**FEDERAL EXPRESS OVERNIGHT**

Honorable William C. Conner
United States District Court Judge
United States District Court, S.D.N.Y.
300 Quarropas Street, Room 630
White Plains, New York 10601

Re:    *Tancredi et al v. Malfitano, et al.*, 07 Civ. 9617 (WCC)

Dear Judge Conner:

We represent the Defendants in the above referenced matter. As this Court is aware, Defendants' motion to dismiss and/or for summary judgment was granted by the Court on June 25, 2008. Judgment was entered on June 26, 2008. In accordance with your individual rules of practice, the Defendants respectfully request permission to file a motion for attorneys' fees pursuant to 42 U.S.C. §1988 and 28 U.S.C. §1927. Defendants maintain that the filing of the complaint herein had no other purpose than to harass the Defendants and cause them the burden of defending against Plaintiffs' baseless accusations. In addition, the legal claims themselves asserted were patently frivolous.

Plaintiffs alleged that their constitutional rights to privacy were invaded and statutory rights under the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §2520 were violated when their conversations were recorded by the Department's 911 communications system regardless of whether there was an emergency 911 telephone call in progress. In addition to suing the Town of Harrison, Plaintiffs sought to hold Chief David Hall and Sergeant Dominick Pascale personally liable. Plaintiffs also sued three individual Board members who "coincidentally" belong to the same political party while two others from a different political party were excluded. The complaint was filed on November 2, 2007 — just four days before Election Day.

The complaint itself contained scurrilous allegations against the Defendants. For example, in Paragraph 14(iii) of the complaint, Plaintiffs alleged that Defendant Chief Hall committed a "felonious forgery of a $2,500 check." The complaint made no mention of the fact that such accusations had previously been made by the same Plaintiffs and had been investigated by the Westchester County District Attorney's office. The District Attorney not only completely exonerated the Chief but concluded that Plaintiffs' charges "were false." Plaintiffs' and their counsel had been provided copies of these findings long before the complaint herein was filed but nonetheless deliberately chose to repeat these falsehoods in an attempt to smear the Chief and others in the Department. The fact that Plaintff agreed to withdraw this assertion (after being advised of a contemplated motion to strike) at the commencement of the litigation demonstrated the infirmity of the claims.

Honorable William C. Conner
July 8, 2008
Page 2

The complaint also makes the baseless and unsupported allegation that Defendants Hall and Pascale "surreptitiously altered the Department's 911 communications system so as to automatically record the voices and/or private conversations of any person at, in front of, and/or behind the front desk are in police headquarters . . ." *See* Complaint ¶ 12. There is not a scintilla of evidence that anyone altered anything here. Rather, as the unrefuted affidavits of Chief Hall and Sergeant Pascale indicate there was an apparent malfunction that was remedied. Indeed, Plaintiffs, in their submissions, provided no evidence at all that anything was done by the Chief or any of the other Defendants to alter the system. Plaintiffs instead made these baseless allegations in another attempt to embarrass the Chief and others knowing full well that their allegations were untrue. Counsel also made no attempt to investigate the claims but rather "ran to the courthouse" in an attempt file the complaint in time for Election Day.

The complaint was also brought against three Republican Board members of the Town of Harrison. The complaint against these three individuals failed to remedy "systemic criminal wrongdoing" and did nothing to stop "these crimes . . ." *See* Complaint ¶¶15, 16. Yet the unrefuted affidavits of these three board members submitted demonstrated that they knew nothing about the 911 malfunction and had absolutely nothing to do with it. Again, the allegations are completely baseless and were clearly made up in an attempt to embarrass individuals of one particular political party. Any reasonable investigation by Plaintiffs and their counsel would have led them to conclude that their claims were baseless.

Despite Plaintiffs' continued repetition of the same lie, *i.e.*, Defendants have engaged in "criminal conduct,"[1] there has been no finding by any criminal justice agency that any criminal conduct was ever committed by any of the Defendants. Yet, counsel and Plaintiffs continue to repeat their scurrilous frivolous lies in an attempt to embarrass the Defendants and force them to incur expenses in defending lawsuits.

In *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), the United States Supreme Court held that under § 1988 a plaintiff should "be assessed his opponent's attorney's fees [where] a court finds that his claim was frivolous, unreasonable, or groundless, or that the Plaintiff continued to litigate after it clearly became so." To be frivolous, the Plaintiff's action must be "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

> If a plaintiff brings a lawsuit for a vexatious purpose or in bad faith, i.e., not in the hope of winning but solely in order to put the defendant to the burden of defending himself, the prevailing defendant arguably is entitled to attorneys' fees regardless of whether the plaintiff's claims technically were frivolous.

*Poppham v. City of Kenneshaw*, 820 F.2d 1570, 1583 (11th Cir. 1987) (citations omitted). This court has recognized that a defendant may recover attorneys fees where the suit was vexatious, frivolous or brought to embarrass the defendant. *Neider v. Comblo*, 917 F. Supp. 2d 262, 263 (S.D.N.Y. 1996) (Conner, J.).

---

[1] Similar baseless accusations are made against the Defendants relating to alleged locker room surveillance. In Paragraphs 14 (i) and 14 (ii) of the Complaint, Plaintiffs allege that Chief Hall has "systematically engaged in on-going criminal wrongdoing" by "unlawfully recording private conversations uttered in the locker room of the Department" and by "unlawfully videotaping members of the Department." These issues have been fully briefed and are before the Court in *DeVittorio et al. v. Hall et al.*, 07-0812 (WCC). The evidence there likewise shows that there was no unlawful surveillance and that Plaintiffs and their counsel continue to make knowingly false accusations to this Court.

Honorable William C. Conner
July 8, 2008
Page 3

In addition to attorney's fees under 42 U.S.C. § 1988, Defendants are entitled to full fee shifting under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

*See 60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 115 (2d Cir. 2000) (holding "an award under 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose"); *Chalfy v. Turoff*, 804 F.2d 20, 23 (2d Cir. 1985) (imposing sanctions under 28 U.S.C. § 1927 for filing a frivolous appeal because "[t]he appellants' brief shows that they did not attempt seriously to weigh the merits of their various claims under section 1983 or the United States Constitution. The brief fails to discuss controlling precedent, cites decisions that were overturned on appeal, and mischaracterizes even their own affidavit"). The allegations of criminal conduct, claims that the 911 system were deliberately altered as well as the claims of a right to privacy were frivolous and brought in bad faith to harass and/or embarrass the Defendants.

Additionally, courts have held that an award of attorneys' fees against an attorney is warranted when, as here, an attorney knowingly pursues litigation after being informed that such litigation was frivolous or otherwise legally barred. *See, e.g., Hudson Motors v. Crest Leasing*, 845 F. Supp. 969, 982-83 (E.D.N.Y. 1994) (sanctioning attorney under § 1927 for filing counterclaim he should have reasonably known was legally baseless); *Steinle v. Warren*, 765 F.2d 95, 101 (7th Cir. 1985) (affirming award under § 1927 because attorney litigated "claims [that] were frivolous, without merit, and brought in bad faith" when he knew they were time barred); *see also Baasch v. Reyer*, 846 F. Supp. 9, 11 (E.D.N.Y. 1994).

This case should never have been brought. It demonstrated that Plaintiffs and their counsel would say anything no matter how untrue and/or outrageous in order to embarrass the Defendants. Plaintiffs may get some delight in making false and wholly unsubstantiated accusations against the Town of Harrison, the Chief of Police, their fellow officers and/or Town Board members, but the Town and taxpayer should have not have to pay for Plaintiffs' folly. The accusations of criminal conduct are over the top, were frivolous, and done in bad faith in order to hurt the reputations of the Defendants. Plaintiffs and their counsel should have known better and should be sanctioned accordingly.

In light of the foregoing, Defendants should be permitted to file a motion for attorneys fees and sanctions under 42 U.S.C. §1988 and 28 U.S.C. §1927. Approximately $26,000 in fees and sanctions are sought plus the cost of this motion.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Mark N. Reinharz

cc: Jonathan Lovett, Esq.